

# IN THE
# TENTH COURT OF APPEALS

### No. 10-24-00187-CV

**JOSEPH HAAS,**

**Appellant**

**v.**

**ENVIRONMENTAL US RESOURCES, LLC,**

**Appellee**

### From the County Court at Law No. 1
### Ellis County, Texas
### Trial Court No. 24-C-3178

## MEMORANDUM OPINION

Joseph Haas appeals the trial court's judgment awarding immediate possession of real property that was the subject of a lease, hereinafter "the premises," to appellee, Environmental US Resources, LLC, and ordering a writ of possession regarding the premises. The writ of possession set the amount of a supersedeas bond at $20,000.

Based on documents filed by Haas, it appears to the Court that the premises were used for some type of motor repair business. There has been no allegation that the premises were used for residential purposes. Consequently, by letter dated June 25, 2024,

the Clerk of this Court notified Haas that this appeal was subject to dismissal because this Court has no jurisdiction of an appeal from a final judgment of a county court in an eviction suit on the issue of possession unless the premises in question are being used for residential purposes only. TEX. PROP. CODE § 24.007. In the same letter, the Clerk warned Haas that this appeal would be dismissed unless, within 10 days from the date of the letter, Haas filed a response with the Court showing grounds for continuing the appeal.

Haas filed a response, but does not address our jurisdiction. Instead, Haas requests that we issue a writ of replevin against Environmental US Resources for the return of Haas's property. We cannot. Replevin is an "action for the repossession of personal property wrongfully taken or detained by the defendant, whereby the plaintiff gives security for and holds the property until the court decides who owns it." *Simmonds v. TDCJ*, No. 10-07-00361-CV, 2010 Tex. App. LEXIS 1338, at *28-29 (Tex. App.—Waco Feb. 24, 2010, no pet.) (mem. op.). We may issue writs when necessary to enforce our jurisdiction, *see* TEX. GOV'T CODE § 22.221, and a writ of replevin is not necessary to enforce our jurisdiction.

Accordingly, because Haas does not explain why we would have jurisdiction of his appeal, his appeal is dismissed.[1]

TOM GRAY
Chief Justice

---

[1] Further, Haas presented this Court with a statement of inability to afford payment of costs on appeal. It was not opposed. Thus, Haas is entitled to proceed without the payment of appellate costs. *See* TEX. R. APP. P. 20.1(c).

Haas v. Environ. US Res., LLC                                                                                          Page 2

Before Chief Justice Gray,
      Justice Johnson, and
      Justice Smith
Appeal dismissed
Opinion delivered and filed July 18, 2024
[CV06]

